IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION<br>CHARLEVOIX et al.<br><br>Plaintiffs,<br><br>v.<br><br>CBS CORPORATION, et al.<br><br>Defendants. | Civil Action No. 15-726-SLR-SRF |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This Report and Recommendation is limited to four pending motions for summary judgment in this asbestos-related personal injury action. The motions were filed by Defendants, CBS Corporation[1] ("CBS") (D.I. 146), The Goodyear Tire & Rubber Company ("Goodyear") (D.I. 152), FMC Corporation[2] ("FMC") (D.I. 156), and Ingersoll Rand Company ("Ingersoll") (D.I. 166) (collectively "Defendants").[3] As indicated in the chart, *infra*, and for the reasons set forth below, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| CBS Corporation/Westinghouse | GRANT |
| The Goodyear Tire & Rubber Co. | GRANT |
| FMC Corporation/Northern Pump | GRANT |
| Ingersoll Rand Company | GRANT |

---

[1] CBS Corporation is sued as a successor-in-interest to Westinghouse Electric Corporation ("Westinghouse"). (D.I. 147 at 1)

[2] Northern Pump is a predecessor company of FMC. (D.I. 157 at 1)

[3] Defendants John Crane Inc., Crane Co., Caterpillar Inc., VIAD Corporation, Ford Motor Company, Fiat Allis North America, and Warrant Pumps also filed motions for summary judgment. (D.I. 144, 150, 154, 158, 160, 162, 164) Those motions will be addressed separately.

## II.  BACKGROUND

### A. Procedural History

Stephen and Marilyn Charlevoix ("Plaintiffs") filed this asbestos action in the Delaware Superior Court against multiple defendants on July 10, 2015, asserting claims regarding Mr. Charlevoix's alleged harmful exposure to asbestos. (D.I. 1 at 1) Defendant Crane Co. removed the action to this court on August 21, 2015. (D.I. 1) CBS, Goodyear, and FMC filed motions for summary judgment on September 30, 2016. (D.I. 146, 152, 156) Ingersoll filed its motion on October 4, 2016. (D.I. 166) Plaintiffs did not respond to these motions. On November 8, 2016, counsel for Ingersoll and FMC sent a letter to the court seeking dismissal for Plaintiffs' failure to oppose the summary judgment motions. (D.I. 188, 189) Counsel for CBS and Goodyear filed similar letters on November 10, 2016, and November 14, 2016. (D.I. 190, 192)

### B. Facts

### A. Plaintiff's alleged exposure history

Plaintiffs allege that Mr. Charlevoix developed mesothelioma as a result of exposure to asbestos-containing products during the course of his employment with the U.S. Navy from 1961 to 1964, and from 1961 to 1978 from his work with various employers. (D.I. 1 at 1) Plaintiffs contend that Mr. Charlevoix was injured due to exposure to asbestos-containing products that Defendants manufactured, sold, distributed, licensed, or installed. (D.I. 1, Ex. 1 at ¶ 4) Accordingly, Plaintiffs assert negligence, punitive damages, and loss of consortium claims. (*Id.*, Ex. 1)

Mr. Charlevoix was deposed on December 15, 2015.[4] (D.I. 57) Product identification

---

[4] The deadline to complete depositions of all plaintiffs alleging exposure was April 15, 2016. (D.I. 38 at ¶ 4(c)(iii)) The deadline to complete depositions of all co-worker, product identification, and other exposure testimony witnesses was June 15, 2016. (D.I. ¶ 4(c)(iv)) The

2

witness, James Kimble, was deposed on May 24, 2016. (D.I. 67) Additionally, product identification witness, Pat Mulligan, was deposed on May 26, 2016. (D.I. 68) Mr. Charlevoix was enlisted in the Navy from 1961 to 1964. (D.I. 1, Ex. 1) He was stationed on the USS Valley Forge, where he worked as a boiler tender. (D.I. 147 at 1) Mr. Charlevoix believes he was exposed to asbestos while cleaning the boilers in the boiler room. (*Id.* at ¶ 6; 12/15/15 Video Tr. at 85:10–22)

After his time in the Navy, Mr. Charlevoix was a grinder for Grede Foundry from 1964 to 1966, and a maintenance worker and equipment installer for MJ Electric from 1966 to 1978. (D.I. 153 at 2) Mr. Charlevoix was also the owner and operator of Charlevoix Logging from the late-1960s until the time of his filing this suit. (*Id.*; D.I. 157 at 3)

### B. Plaintiff's product identification evidence

#### a. CBS Corporation/Westinghouse

Mr. Charlevoix did not identify an asbestos-containing Westinghouse or CBS product. (*See* D.I. 147, Ex. B, Ex. C, Ex. D)

#### b. The Goodyear Tire & Rubber Company

Mr. Charlevoix did not identify an asbestos-containing Goodyear product. (*See* D.I. 153)

#### c. FMC Corporation/Northern Pump

Mr. Charlevoix did not identify an asbestos-containing FMC or Northern Pump product. (*See* D.I. 157, Ex. A, Ex. B, Ex. C)

#### d. Ingersoll Rand Company

Mr. Charlevoix did not identify an asbestos-containing Ingersoll product. (*See* D.I. 167,

---

deadline to complete depositions of all defense fact witnesses was September 30, 2016. (D.I. ¶ 4(c)(v))

3

Ex. B, Ex. C)

## III. LEGAL STANDARDS

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant must support its contention by citing to particular documents in the record, by showing that the cited materials do not establish the absence or presence of a genuine dispute, or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)–(B). The existence of some alleged factual dispute may not be sufficient to deny a motion for summary judgment; rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Clark v. Welch*,

4

Civ. NO.14-029-SLR, 2016 WL 859259, at *2 (D. Del. Mar. 3, 2016). If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[5] A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.,* Civil No. 12–2122, 2014 WL 3783878, *2 (D.N.J. July 31, 2014) (quoting

---

[5] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

5

*Muskett v. Certegy Check Svcs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

### B. Maritime Law

The parties do not dispute that maritime law applies to all Naval/sea-based claims.[6] To establish causation in an asbestos claim under maritime law, a plaintiff must show that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor[7] in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001)). Other courts in this Circuit recognize a third element and require a plaintiff to "show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged."[8] *Abbay v. Armstrong Int'l, Inc.*, E.D. PA Civil Action No. 2:10-CV-83248-ER, 2012

---

[6] For maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. In *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), the Supreme Court defined these tests as follows:

> A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must "assess the general features of the type of incident involved," to determine whether the incident has "a potentially disruptive impact on maritime commerce[.]" Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."

513 U.S. at 534 (internal citations omitted).

[7] "Maritime law incorporates traditional 'substantial factor' causation principles, and courts often look to the Restatement (Second) of Torts for a more helpful definition." *Delatte v. A.W. Chesterton Co.*, E.D. PA Civil Action No. 2:09-69578, 2011 WL 11439126, at *1 n.1 (E.D. Pa. Feb. 28, 2011). The comments to the Restatement indicate that the word "substantial," in this context, "denote[s] the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility." Restatement (Second) of Torts § 431 cmt. a (1965).

[8] The majority of federal courts have held that, under maritime law, a manufacturer has no liability for harms caused by, and no duty to warn about hazards associated with, a product it did

6

WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012).

"In establishing causation, a plaintiff may rely upon direct evidence...or circumstantial evidence [to] support an inference that there was exposure to the defendant's product for some length of time."[9] *Abbay*, 2012 WL 975837, at *1 n.1 (citing *Stark*, 21 F. App'x at 376). On the other hand, "'[m]inimal exposure' to a defendant's product is insufficient to establish causation. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. App'x at 376). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492).

Should the court decide that causation has been established, some Defendants rely upon the "bare metal" defense to avoid liability on the basis that they have no duty to Plaintiffs for asbestos-containing replacement parts they did not manufacture or distribute. *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801–02 (E.D. Pa. 2012) (explaining the policy rationale for holding only those who make or sell the injurious product liable for the injuries alleged). "The so-called 'bare metal defense' is recognized by maritime law, such that a manufacturer has no liability for harms caused by—and no duty to warn about hazards associated with—a product it did not manufacture or distribute." *Carper v. Gen. Elec. Co.*, Civil Action No. 2:12-06164-ER,

---

not manufacture or distribute. This is also referred to as the "bare metal" defense. *See Dalton v. 3M Co.*, Civil Action No. 10-0113-SLR-SRF, 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013), *report and recommendation adopted*, 2013 WL 5486813 (Oct. 1, 2013) (citing cases); *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012).

[9] However, "'*substantial* exposure is necessary to draw an inference from circumstantial evidence that the exposure was a *substantial* factor in causing the injury.'" *Stark*, 21 F. App'x. at 376 (quoting *Harbour v. Armstrong World Indus., Inc.*, No. 90-1414, 1991 WL 65201, at *4 (6th Cir. April 25, 1991) (emphasis in original)).

7

2014 WL 6736205, at *1 (E.D. Pa. Sept. 4, 2014) (citing *Conner*, 842 F. Supp. 2d at 801).

### C. Michigan Law

A federal court sitting in diversity is "required to apply the substantive law of the state whose laws govern the action." *Robertson v. Allied Signal*, 914 F.2d 360, 378 (3d Cir. 1990). Consequently, the parties agree that Michigan substantive law applies to all land-based claims. (D.I. 157 at 4)

Under Michigan law, a plaintiff must establish that a particular defendant's conduct was a substantial factor in causing the plaintiff's injury.[10] *Brisboy v. Fibreboard Corp.*, 418 N.W.2d. 650, 653 (Mich. 1988). The frequency and intensity of exposure to asbestos-containing products, "in the scope of [the plaintiff's] entire work history," should be considered in determining whether defendant's conduct was a substantial contributing factor. *Allen v. Owens-Corning Fiberglas Corp.*, 571 N.W.2d 530, 533 (Mich. Ct. App. 1997).

Moreover, the plaintiff must show "the manufacturer's asbestos product was used at the specific site within the workplace where [the plaintiff] worked." *Roberts v. Owens-Corning Fiberglas Corp.*, 726 F. Supp. 172, 174 (W.D. Mich. 1989) (citing *Roehling v. Nat'l Gypsum Co. Gold Bond Bldg. Prod.*, 786 F.2d 1225, 1228 (4th Cir. 1986). It is not enough for the plaintiff to show that the defendant's product was present somewhere at his workplace. *Id.* (citing *Lohrman v. Pittsburgh Corning Corp.*, 782 F.2d. 1156, 1162–63 (4th Cir. 1986).

### IV. Discussion

#### A. CBS Corporation/Westinghouse

---

[10] Michigan has adopted the "substantial factor" test of legal causation as outlined in the *Restatement of Torts, 2d* § 431. *Brisboy v. Fibreboard Corp.*, 418 N.W.2d. 650, 653 (Mich. 1988).

The court recommends granting CBS's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Charlevoix was exposed to an asbestos-containing product made by Westinghouse or CBS. Plaintiffs fail to meet the "substantial factor" test, because Plaintiffs did not produce any evidence tending to establish exposure to CBS or Westinghouse products. Therefore, the court recommends granting summary judgment in favor of CBS.

### B. The Goodyear Tire & Rubber Company

The court recommends granting Goodyear's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Charlevoix was exposed to an asbestos-containing product made by Goodyear. Plaintiffs fail to meet the "substantial factor" test, because Plaintiffs did not produce any evidence tending to establish exposure to Goodyear products. Therefore, the court recommends granting summary judgment in favor of Goodyear.

### C. FMC Corporation/Northern Pump

The court recommends granting FMC's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Charlevoix was exposed to an asbestos-containing product made by FMC or Northern Pump. Plaintiffs fail to meet the "substantial factor" test under both maritime law and Michigan law, because Plaintiffs did not produce any evidence tending to establish exposure to FMC or Northern Pump products. Therefore, the court recommends granting summary judgment in favor of FMC.

### D. Ingersoll Rand Company

The court recommends granting Ingersoll's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Charlevoix was exposed to an asbestos-containing product made by Ingersoll. Plaintiffs fail to meet the "substantial factor"

test, because Plaintiffs did not produce any evidence tending to establish exposure to Ingersoll products. Therefore, the court recommends granting summary judgment in favor of Ingersoll.

## V. Conclusion

For the foregoing reasons, and as addressed in the chart *infra*, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| CBS Corporation/Westinghouse | GRANT |
| The Goodyear Tire & Rubber Co. | GRANT |
| FMC Corporation/Northern Pump | GRANT |
| Ingersoll Rand Company | GRANT |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: December 29, 2016

Sherry R. Fallon
United States Magistrate Judge