IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) | |
| ) | |
| MARILYN CHARLEVOIX, Individually ) | |
| and as Executor of the Estate of Stephen ) | |
| Charlevoix, Deceased, and on behalf of all ) | |
| Wrongful Death Beneficiaries, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 15-726-SLR-SRF |
| ) | |
| CBS CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

This Report and Recommendation is limited to two pending motions for summary judgment in this asbestos-related personal injury action. The motions were filed by Defendants, John Crane Inc. ("John Crane") (D.I. 144), and Fiat Allis North America ("Fiat") (D.I. 162) (collectively "Defendants"). As indicated in the chart, *infra*, and for the reasons set forth below, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| John Crane Inc. | GRANT |
| Fiat Allis North America | GRANT |

**II.  BACKGROUND**

**A.  Procedural History**

Stephen and Marilyn Charlevoix ("Plaintiffs") filed this asbestos action in the Delaware Superior Court against multiple defendants on July 10, 2015, asserting claims arising from Mr.

Charlevoix's alleged harmful exposure to asbestos. (D.I. 1 at 1) Defendant Crane Co. removed the action to this court on August 21, 2015. (D.I. 1) John Crane filed a motion for summary judgment on September 28, 2016. (D.I. 144) Fiat filed its motion on September 30, 2016. (D.I. 162) Plaintiffs did not respond to these motions. On January 9, 2017, counsel for Fiat sent a letter to the court seeking dismissal in light of Plaintiffs' failure to oppose its summary judgment motion.[1] (D.I. 209)

### B. Facts

### A. Plaintiff's alleged exposure history

Plaintiffs allege that Mr. Charlevoix developed mesothelioma as a result of exposure to asbestos-containing products during the course of his employment with the U.S. Navy from 1961 to 1964. (D.I. 1 at 1) In addition, Mr. Charlevoix alleges he was exposed to asbestos from 1961 to 1978 as a result of his work with various employers, and in his own logging business. (*Id.*) Plaintiffs contend that Mr. Charlevoix was injured due to exposure to asbestos-containing products that Defendants manufactured, sold, distributed, licensed, or installed. (D.I. 1, Ex. 1 at ¶ 4) Accordingly, Plaintiffs assert negligence, punitive damages, and loss of consortium claims. (*Id.*, Ex. 1)

Mr. Charlevoix was deposed on December 15, 2015.[2] (D.I. 57) Product identification witness, James Kimble, was deposed on May 24, 2016. (D.I. 67) Additionally, product identification witness, Pat Milligan, was deposed on May 26, 2016. (D.I. 68) Mr. Charlevoix

---

[1] Moving Defendant, John Crane, did not submit a letter request for dismissal but the court will consider its respective motion which appears pending and unopposed, according to the docket.
[2] The deadline to complete depositions of all plaintiffs alleging exposure was April 15, 2016. (D.I. 38 at ¶ 4(c)(iii)) The deadline to complete depositions of all co-worker, product identification, and other exposure testimony witnesses was June 15, 2016. (D.I. ¶ 4(c)(iv)) The deadline to complete depositions of all defense fact witnesses was September 30, 2016. (D.I. ¶ 4(c)(v))

was enlisted in the Navy from 1961 to 1964. (D.I. 1, Ex. 1) He was stationed on the USS Valley Forge, where he worked as a boiler tender. (D.I. 147 at 1) Mr. Charlevoix believes he was exposed to asbestos while cleaning the boilers in the boiler room. (12/15/15 Video Tr. at 85:10–22)

After his discharge from service in the Navy, Mr. Charlevoix was a grinder for Grede Foundry from 1964 to 1966, and a maintenance worker and equipment installer for MJ Electric from 1966 to 1978. (D.I. 153 at 2) Mr. Charlevoix was also the owner and operator of Charlevoix Logging from the late-1960s until the time of his filing this suit. (*Id.*; D.I. 157 at 3)

### B. Plaintiff's product identification evidence

#### a. John Crane Inc.

Mr. Charlevoix did not identify an asbestos-containing John Crane product. (*See* D.I. 145, Exs. 1–4)

#### b. Fiat Allis North America

Mr. Charlevoix identified Fiat as the manufacturer of a front-end loader vehicle which he used in the operation of his logging business. (12/15/15 Video Tr. at 78:1–79:12) Mr. Charlevoix could not remember the exact year that he purchased the vehicle, but believed it was sometime in the early 1980s.[3] (12/15/15 Tr. at 183:17–184:6) In the morning deposition session, Mr. Charlevoix stated the vehicle was a 1979 model. (12/15/15 Video Tr. at 79:16–17) However, in the afternoon session, Mr. Charlevoix stated he was not sure about the model year, but that it was probably a 1980s model.[4] (12/15/15 Tr. at 183:5–16) Mr. Charlevoix stated that he had the engine overhauled in the vehicle. (*Id.* at 79:18–22) Product identification witness, Pat

---

[3] Mr. Milligan believed the vehicle was purchased in the mid-1990s. (5/26/16 Tr. at 113:24–25)
[4] Mr. Milligan thought the vehicle was manufactured in the late 1970s. (5/26/16 Tr. at 114:1–3)

3

Milligan, said the first engine overhaul took place a couple years after Mr. Charlevoix purchased the vehicle. (5/26/16 Tr. at 115:9–11) Mr. Charlevoix did not associate asbestos exposure with the engine overhaul. (12/15/15 Tr. at 190:5–12) Mr. Charlevoix purchased the vehicle used and did not know the vehicle's maintenance history or whether it still had any of its original parts and equipment. (*Id.* at 188:4–10)

Mr. Milligan testified that Mr. Charlevoix had the engine overhauled in the Fiat front-end loader vehicle twice.[5] (5/26/16 Tr. at 115:1–8) Mr. Milligan stated that gaskets had to be removed during the process. (*Id.* at 116:10–12) He did not know who manufactured the gaskets that were removed, or who manufactured the gaskets that were installed. (*Id.* at 116:13–18) Mr. Milligan said that Mr. Charlevoix was present when the gaskets were removed. (*Id.* at 116:19–21) He did not know the composition of the gaskets and could not say if they contained any asbestos. (*Id.* at 117:2–4)

### III.  LEGAL STANDARDS

#### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

---

[5] As stated above, Mr. Milligan testified that the first engine overhaul took place a couple years after Mr. Charlevoix purchased the vehicle. (5/26/16 Tr. at 115:9–11) However, the record before the court does not address the timing of the second engine overhaul.

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant must support its contention by citing to particular documents in the record, by showing that the cited materials do not establish the absence or presence of a genuine dispute, or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)–(B). The existence of some alleged factual dispute may not be sufficient to deny a motion for summary judgment; rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Clark v. Welch*, Civ. NO.14-029-SLR, 2016 WL 859259, at *2 (D. Del. Mar. 3, 2016). If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[6] A plaintiff's failure to respond "is not alone a sufficient basis for the entry

---

[6] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to

5

of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.,* Civil No. 12–2122, 2014 WL 3783878, *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Svcs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

### B. Maritime Law

The parties do not dispute that maritime law applies to all Naval/sea-based claims.[7] (D.I.

---

> establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

[7] For maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. In *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), the Supreme Court defined these tests as follows:

> A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must "assess the general features of the type of incident involved," to determine whether the incident has "a potentially disruptive impact on maritime commerce[.]" Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."

106) To establish causation in an asbestos claim under maritime law, a plaintiff must show that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor[8] in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001)). Other courts in this Circuit recognize a third element and require a plaintiff to "show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged."[9] *Abbay v. Armstrong Int'l, Inc.*, E.D. PA Civil Action No. 2:10-CV-83248-ER, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012).

"In establishing causation, a plaintiff may rely upon direct evidence…or circumstantial evidence [to] support an inference that there was exposure to the defendant's product for some length of time."[10] *Abbay*, 2012 WL 975837, at *1 n.1 (citing *Stark*, 21 F. App'x at 376). On the other hand, "'[m]inimal exposure' to a defendant's product is insufficient to establish causation.

---

513 U.S. at 534 (internal citations omitted).

[8] "Maritime law incorporates traditional 'substantial factor' causation principles, and courts often look to the Restatement (Second) of Torts for a more helpful definition." *Delatte v. A.W. Chesterton Co.*, E.D. PA Civil Action No. 2:09-69578, 2011 WL 11439126, at *1 n.1 (E.D. Pa. Feb. 28, 2011). The comments to the Restatement indicate that the word "substantial," in this context, "denote[s] the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility." Restatement (Second) of Torts § 431 cmt. a (1965).

[9] The majority of federal courts have held that, under maritime law, a manufacturer has no liability for harms caused by, and no duty to warn about hazards associated with, a product it did not manufacture or distribute. This is also referred to as the "bare metal" defense. *See Dalton v. 3M Co.*, Civil Action No. 10-0113-SLR-SRF, 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013), *report and recommendation adopted*, 2013 WL 5486813 (Oct. 1, 2013) (citing cases); *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012).

[10] However, "'*substantial* exposure is necessary to draw an inference from circumstantial evidence that the exposure was a *substantial* factor in causing the injury.'" *Stark*, 21 F. App'x. at 376 (quoting *Harbour v. Armstrong World Indus., Inc.*, No. 90-1414, 1991 WL 65201, at *4 (6th Cir. April 25, 1991) (emphasis in original)).

Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. App'x at 376). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492).

### C. Michigan Law

A federal court sitting in diversity is "required to apply the substantive law of the state whose laws govern the action." *Robertson v. Allied Signal*, 914 F.2d 360, 378 (3d Cir. 1990). Consequently, the parties agree that Michigan substantive law applies to all land-based claims. (D.I. 106)

Under Michigan law, a plaintiff must establish that a particular defendant's conduct was a substantial factor in causing the plaintiff's injury.[11] *Brisboy v. Fibreboard Corp.*, 418 N.W.2d. 650, 653 (Mich. 1988). The frequency and intensity of exposure to asbestos-containing products, "in the scope of [the plaintiff's] entire work history," should be considered in determining whether defendant's conduct was a substantial contributing factor. *Allen v. Owens-Corning Fiberglas Corp.*, 571 N.W.2d 530, 533 (Mich. Ct. App. 1997).

Moreover, the plaintiff must show "the manufacturer's asbestos product was used at the specific site within the workplace where [the plaintiff] worked." *Roberts v. Owens-Corning Fiberglas Corp.*, 726 F. Supp. 172, 174 (W.D. Mich. 1989) (citing *Roehling v. Nat'l Gypsum Co. Gold Bond Bldg. Prod.*, 786 F.2d 1225, 1228 (4th Cir. 1986)). It is not enough for the plaintiff to

---

[11] Michigan has adopted the "substantial factor" test of legal causation as outlined in the *Restatement of Torts, 2d* § 431. *Brisboy v. Fibreboard Corp.*, 418 N.W.2d. 650, 653 (Mich. 1988).

show that the defendant's product was present somewhere at his workplace. *Id.* (citing *Lohrman v. Pittsburgh Corning Corp.*, 782 F.2d. 1156, 1162–63 (4th Cir. 1986)).

## IV. Discussion

### A. John Crane Inc.

The court recommends granting John Crane's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Charlevoix was exposed to an asbestos-containing product made by John Crane. Plaintiffs fail to meet the "substantial factor" test, because Plaintiffs did not produce any evidence tending to establish exposure to a John Crane product. Therefore, the court recommends granting summary judgment in favor of John Crane.

### B. Fiat Allis North America

The court recommends granting Fiat's motion for summary judgment. Although Mr. Charlevoix testified that he owned a Fiat vehicle, there is no genuine issue of material fact in dispute as to whether Mr. Charlevoix was exposed to an asbestos-containing product made by Fiat. (12/15/15 Video Tr. at 78:1–79:12) Mr. Charlevoix testified that he had the engine overhauled in the vehicle, in which he removed and reinstalled the engine. (*Id.* at 79:18–22; 12/15/15 Tr. at 190:5–12) Mr. Charlevoix did not testify that he was exposed to any asbestos in the course of that work. (*Id.*) Mr. Milligan testified that gaskets had to be removed during the engine overhaul process, and that Mr. Charlevoix was present during the removal. (5/26/16 Tr. at 116:10–21) However, Mr. Milligan did not know who manufactured the gaskets that were removed, or who manufactured the gaskets that were installed. (*Id.* at 116:13–18) Mr. Milligan also did not know the composition of the gaskets and could not say if they contained any asbestos. (*Id.* at 117:2–4)

The deposition testimony of Mr. Charlevoix and Mr. Milligan fails to create a material issue of fact as to whether, under Michigan law, Fiat's products were a substantial contributing factor to Mr. Charlevoix's injury. The record does not support the claim that Mr. Charlevoix was exposed to asbestos from Fiat products on a regular basis, over an extended period of time. Summary judgment is, therefore, warranted.

V. **Conclusion**

For the foregoing reasons, and as addressed in the chart *infra*, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| John Crane Inc. | GRANT |
| Fiat Allis North America | GRANT |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: February 16, 2017

Sherry R. Fallon
United States Magistrate Judge